PER CURIAM.
Appellant was found guilty of contempt of court after a full hearing was held pursuant to an order of the trial court to show cause why appellant should not be held in contempt of court. Appellant was sentenced to six months at hard labor in the county jail.
We agree that there was sufficient evidence to find a guilty verdict, but must reverse the judgment of the court since the judge failed to comply with the provisions of Florida Rules of Criminal Procedure 1.-840(a) (6), 33 F.S.A., in that the judgment did not include a recital of the facts constituting the contempt of which the appellant was found and adjudicated guilty.
The record on appeal does not show that the trial court, prior to pronouncing sentence, informed the appellant of the accusation and judgment against him and inquired as to whether appellant had any cause to show why the sentence should not be pronounced. Nor does the record show whether or not the appellant *881 was afforded the opportunity to present evidence of mitigating circumstances prior to the imposition of the sentence. Both of these procedures are required under Florida Rules of Criminal Procedure 1.840(a) (7). The sentence directed that the six months imprisonment in the county jail was to be at “hard labor” as provided by Florida Statutes 922.05(2), F.S.A. It has been held in State ex rel. Saunders v. Boyer, Fla.App.1964, 166 So.2d 694, that a person convicted of criminal contempt may not be sentenced to hard labor.
For the foregoing reasons the judgment and sentence is set aside and the cause remanded to the trial court for the entry of a proper judgment and sentence consistent with this opinion.
PIERCE, C. J., and HOBSON and McNULTY, JJ., concur.