305 So.2d 231 (1974)
Edward Earl SPELLER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-514 and 74-1123.
District Court of Appeal of Florida, Second District.
December 18, 1974.
James A. Gardner, Public Defender, and Richard W. Seymour, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
These consolidated Baggett[1] appeals seek reversal of appellant's convictions of breaking and entering with intent to commit a misdemeanor and contempt of court respectively. We find no reversible error in appellant's conviction and sentencing on the breaking and entering charge and we accordingly affirm. However, because the trial court has failed to follow the procedures mandated by Rule 3.830, CrPR, in convicting and sentencing appellant for direct contempt, we reverse the judgment and sentence on that charge.
The factual basis for the direct contempt conviction arose at the time of the sentencing in open court on the aforesaid breaking and entering charge. Immediately upon the entry of the sentence on that charge a bailiff apparently sought to lead appellant Speller away from the bench, at which point Speller turned on the bailiff and assaulted him. After the break-up of the ensuing melee appellant stated to the court, "He grabbed me. He grabbed me, your Honor." The judge forthwith found the appellant guilty of direct contempt of court and imposed a sentence of one year at hard labor in the county jail.
As we stated in Manning v. State,[2] Rule 3.830, CrPR (then numbered 1.830), requires:
"(1) the judge must inform the defendant of the accusation and inquire whether *232 defendant has any cause to show why he should not be held guilty of contempt;
(2) the defendant must be given the opportunity to present evidence of excusing or mitigating circumstances;
(3) the judgment of guilt must include a recital of the facts upon which the adjudication is based."
Appellant contends he was not afforded the benefits of the rule in that he was not informed of the nature of the contempt, he was not given an opportunity to show cause why he should not be held guilty thereof and he was not given an opportunity to present evidence of excusing or mitigating circumstances. The state counters that by exclaiming, "He grabbed me. He grabbed me, your Honor," appellant acknowledged that he knew precisely why he was being held in contempt, that he had no defense thereto and that he was presenting the substance of the exclamation as an excuse or as mitigating circumstances. We cannot agree.
Given an opportunity for further and full reflection, perhaps indeed the advice of counsel, any number of excusing or mitigating circumstances could have been advanced by appellant even if it can be said that he could not otherwise have set up any absolute defense. The court should have more meticulously complied with the rule.
Accordingly, the judgment and sentence entered on the charge of direct contempt should be, and they are hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith. After remand we are certain the trial court will note the caveat in Bloom v. Illinois[3] and in Aaron v. State;[4] and if, upon conviction, the court intends to impose sentence in excess of six months he will no doubt afford appellant an opportunity to opt for a jury trial. We also note that since the repeal of § 922.05(2), F.S.,[5] there is no authority for imposing a sentence "at hard labor."
Affirmed in part, reversed in part.
HOBSON, J., and LEE, J. CAIL, Associate Judge, concur.
NOTES
[1] Baggett v. Wainwright (Fla. 1969), 229 So.2d 239.
[2] (Fla.App.2d, 1970), 234 So.2d 16. See also Berman v. State (Fla.App.3d, 1971), 253 So.2d 144.
[3] 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).
[4] (Fla. 1973), 284 So.2d 673.
[5] Repealed by ch. 70-339, § 180, Laws of Fla. 1970.