305 So.2d 826 (1975)
Doris Jane MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-594.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
*827 Edward F. Keezel, II, and Emmett A. Moran of Emmett A. Moran, P.A., Altamonte Springs, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Upon a review of the briefs, the record on appeal and having heard oral argument, we are of the opinion that appellant has demonstrated reversible error with respect to the proposition that the judgment of contempt fails to comply with the provisions of Rule 3.840(a)(6), FRCrP, and with respect to the imposition of a sentence to hard labor. The judgment did not include a recital of the facts constituting the contempt upon which the appellant was found and adjudicated guilty; moreover, a person convicted of criminal contempt may not be sentenced to hard labor. Moore v. State, Fla.App. 1971, 245 So.2d 880; State ex rel. Saunders v. Boyer, Fla. App. 1964, 166 So.2d 694. We find no merit, however, to the appellant's other contentions. Accordingly, for the foregoing reasons the judgment and sentence are set aside and the cause remanded to the trial court for the entry of a proper judgment and sentence consistent herewith.
OWEN, C.J., and MAGER, J., concur.
CROSS, J., concurs in part, and dissents in part, with opinion.
CROSS, Judge (concurring in part, and dissenting in part):
I concur in that part of the majority opinion that appellant demonstrated reversible error with respect to the judgment of contempt for failing to comply with Rule 3.840(a)(6), FRCrP, and the imposition of sentence to hard labor.
However, I dissent from that part of the majority opinion that no other error existed. It is apparent from the record that process was never properly served upon Doris Jane Miller. Therefore, the trial court did not have jurisdiction over the appellant-defendant, Doris Jane Miller, to adjudge her in contempt of court.
Accordingly, I would reverse the trial court's judgment and sentence and discharge the defendant.