310 So.2d 381 (1975)
David KRATHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1325.
District Court of Appeal of Florida, Fourth District.
March 27, 1975.
*382 Ray Sandstrom of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant, an assistant public defender, was held in contempt of court for conduct occurring in the course of the trial of a criminal case. On appeal from the order of contempt appellant contends that (1) substantively, his conduct was not contemptuous, and (2) procedurally, the court denied him due process under Rule 3.830 RCrP. In our judgment appellant is correct on both points.
Appellant had been appointed counsel for one Shirley Jean Hall who, along with one Elizabeth Swinton, had been jointly informed against for robbery. Appellant had filed a motion on behalf of his client for severance which motion was denied. A week before trial the co-defendant, Elizabeth Swinton, changed her plea from not guilty to nolo contendere. Although she was thereafter named as a prosecution witness against Shirley Jean Hall, the State did not call her at trial. Shirley Jean Hall, testifying in her own behalf, stated in essence that she had gone into the store only for the purpose of shoplifting and that the robbery was committed by her companion, Elizabeth Swinton, acting solely on her own.
In his final summation appellant referred to the presence of the victim in the courtroom, to which comment the court sustained the State's objection. Appellant then commented on the failure of the State to call Elizabeth Swinton to the stand as a prosecution witness.[1] At that point the following colloquy occurred between Mr. Smith (the prosecutor), appellant and the court:
"MR. SMITH: Your Honor, I am going to object and move to strike.
THE COURT: I am going to sustain you. The defense moved to sever these cases, and upon the defense moving to sever these cases, Elizabeth Swinton wasn't brought to trial today. That's the reason she isn't here.
MR. SMITH: Would you instruct the jury 
MR. KRATHEN: I would like to make some argument on that. There was argument throughout the entire time. That's not the reason she's not here.
THE COURT: Do you want to put on the record the reason she's not here? You moved to sever the case. The case was severed.[2] Just get off it. If you continue to act like that, I will find you in contempt. I have had enough of you.

*383 MR. KRATHEN: Your Honor, at this time on the record I will move for a mistrial.
THE COURT: I will grant your mistrial.
MR. SMITH: Oh, no.
THE COURT: Now, I find you in contempt and sentence you to $100.00 fine. You better pay it, or you are going to jail. I am getting fed up with you, son.
Ladies and gentlemen, the trial is over. You are dismissed."
Within an hour or so after the mistrial had been declared and the jury discharged, appellant sought to inquire of the court the basis upon which the contempt order had been based and to request a hearing under Rule 3.830 RCrP and to have a supersedeas bond set in the event the order was not vacated. Ruling on the request in inverse order, the judge denied a supersedeas bond, denied appellant a hearing, and recited the events at trial as the basis of the finding of contempt.
Contempt of court has been variously defined as "an offense against the authority or the dignity of a court or of a judicial officer when acting judicially", Ex Parte Earman, 1923, 85 Fla. 297, 95 So. 755, 760, 31 ALR 1226, or, "any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice, or which is calculated to lessen its authority or its dignity", Ex parte Crews, 1937, 127 Fla. 381, 173 So. 275, 279, or, conduct "such as tends to bring the administration of the law into disrespect and disregard" or which "interferes with or prejudices parties litigant or their witnesses during litigation", 6 Fla.Jur., Contempt, § 2, or, as "disobedience to the Court, an opposing or a despising of the authority, justice or dignity thereof", South Dade Farms, Inc. v. Peters, Fla. 1956, 88 So.2d 891, 898. There is nothing in the record before us to show that appellant acted in any manner disrespectful to or contemptuous of the court or its orders within any of the foregoing definitions. We therefore conclude that it was error for the court to hold appellant in contempt.
Rule 3.830 RCrP governs the procedure to be followed for direct criminal contempt. Although later that day the court did prepare and file a written judgment reciting the facts upon which the adjudication of guilt was based, it is clear that the court (1) failed to inform appellant prior to adjudication of the accusation against him, (2) failed to inquire as to whether appellant had any cause to show why he should not be adjudged guilty, and (3) failed to give him an opportunity to present evidence of excusing or mitigating circumstances, all contrary to the clear and express provisions of the rule. This was error. Moore v. State, Fla.App. 1971, 245 So.2d 880; Berman v. State, Fla.App. 1971, 253 So.2d 144.
Technically speaking, the court did not err in denying the request for bond pending appeal because at the time such request was submitted to the court no notice of appeal had been filed. See Rule 6.15(a) FAR. However, it is evident that the trial court had no intention of granting application for bond pending appeal under any circumstances. One adjudged to be in contempt of court is entitled to have such adjudication reviewed by appeal. Such person's application for release pending appeal is controlled by the provisions of Rule 3.691 RCrP.
For the reasons herein stated appellant's conviction of direct criminal contempt is reversed.
Reversed.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] Although it is not necessary to decide the question in disposing of this case, we nonetheless note by way of dicta that such comment does not appear to be improper under the circumstances of this case. See 75 Am.Jur.2d, Trial, § 247.
[2] This statement is incorrect. The defense motion for a severance had been denied.