325 So.2d 79 (1976)
Reginal McKnight, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1011.
District Court of Appeal of Florida, Fourth District.
January 16, 1976.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, and Craig Barnard, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
On appeal from a conviction on two counts of violation of the drug abuse laws, appellant's points relating to the validity of the judgment are without merit and the judgment is therefore affirmed.
*80 In sentencing appellant, the trial court refused to give appellant credit for jail time already served while awaiting sentence. During at least a part of that time, appellant was being held on other charges for which he was subsequently convicted and sentenced. Appellant has supplemented the record in this case by furnishing us a certified copy of the judgment and sentence imposed on appellant as a result of the other charges then pending against him, and this supplemental record reflects that appellant did not receive credit in that case for jail time already served. He is entitled to such credit although not to duplicate credit. See, Lawrence v. State, 306 So.2d 561 (Fla.App. 4th, 1975). Upon remand the court is directed to determine whether appellant has, in fact, received credit for jail time served and if he has not, the court shall modify the sentence in this case accordingly.
After a verdict had been returned in appellant's jury trial, he had been allowed to remain at liberty pending adjudication and sentencing. A date was set for his sentencing and when he failed to appear, a capias was issued for his arrest, and, pursuant to Rule 3.840 RCrP, an order was issued directing him to show cause why he not be held in contempt of court. As a result of the capias appellant was arrested and incarcerated, accounting for a portion of the presentence jail time to which we have referred earlier.
When appellant was ultimately brought before the court for adjudication and sentencing he was also given a hearing on the contempt charge. Appellant was found in contempt of court and sentenced to be confined in the county jail for a period of six months at hard labor. The record discloses that the judgment, while reflected in the circuit court minutes, was never reduced to writing and entered of record and, further, that there was no recital of the facts constituting the contempt, as required under Rule 3.840 RCrP. The court's failure to comply with the requirements of Rule 3.840 RCrP necessitates that the judgment and sentence be set aside and the cause be remanded to the trial court for the entry of a proper judgment and sentence in accordance with this Rule. Miller v. State, 305 So.2d 826 (Fla.App. 4th, 1975); Speller v. State, 305 So.2d 231 (Fla.App. 2nd, 1974); Davis v. State, 261 So.2d 188 (Fla.App. 1st, 1972); Moore v. State, 245 So.2d 880 (Fla.App. 2nd, 1971). We note also that a sentence "at hard labor", such as the trial court attempted to impose here, has been disapproved. McDonald v. State, Fla.App. 4th, 321 So.2d 453, opinion filed November 7, 1975; Speller v. State, supra. The judgment and sentence for contempt is accordingly reversed and that cause remanded for further proceedings consistent herewith.
Affirmed in part; reversed in part.
WALDEN, C.J., and DOWNEY, J., concur.