327 So.2d 896 (1976)
Jack M. JACOBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-421.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Phillip A. Hubbart, Public Defender, and Karen Gottlieb, Asst. Public Defender, and John Charles Coleman, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Carl B. Schwait, Legal Intern, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellant, defendant below, appeals a judgment of the trial court finding him guilty of direct criminal contempt of court and sentencing him to confinement in the Dade County Jail for one year.
At a hearing held on February 25, 1975, after appellant had waived his right to a jury trial and pleaded guilty, a judgment was entered by the trial court finding appellant guilty of unlawfully obtaining services, goods, wares, or other things of value by means of a worthless check or draft in the amount of $227.00, and sentencing him for a term of three years confinement at hard labor in the Florida State Penitentiary with credit to be given for time already served in the Dade County Jail. After the judgment was pronounced, appellant made the following remarks:
"THE DEFENDANT: The man [referring to the trial judge] is an asshole. Three years.
"THE COURT: All right.
"MR. FATH: Jack ____
"THE COURT: Mr. Jacobs, the Court is going to hold you in contempt.
"THE DEFENDANT: You have an ego so big, I don't know how you fit in the chair.
"THE COURT: The Court will find you in contempt of Court and sentence you to an additional year in jail."
Thereafter, the trial court entered another judgment, also dated February 25, 1975, finding appellant guilty of direct criminal contempt of court for his abusive language and open disrespect to the court and sentencing him to confinement at hard labor in the Dade County Jail for a term of one year which was to begin at the expiration of his confinement in the State Penitentiary. From the judgment holding him in contempt, appellant brings this appeal.
Appellant raises the following three points on appeal: the trial court failed *897 to follow the procedures set forth in Rule 3.830 R.Cr.P. for direct criminal contempt, (2) the trial court denied him due process of law by imposing the serious sentence of one year imprisonment without affording him his constitutional right to a trial by jury, and (3) the trial court denied defendant due process of law by failing to afford him a trial before an impartial tribunal.
Rule 3.830, Florida Rules of Criminal Procedure, F.S.A., sets forth the procedures a trial court must observe in punishing a defendant for direct criminal contempt. Among other things, the rule requires that, prior to an adjudication of guilt for such contempt, the trial court must inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court. Further, the rule requires that the defendant be given the opportunity to present evidence of any excusing or mitigating circumstances.
In the instant appeal, our review of the record reveals that, although appellant clearly acted in a reprehensible and insolent manner, the trial court in entering its judgment punishing him for his contumacious conduct failed to comply with the procedures set forth in Rule 3.830, supra, as follows: it did not inform appellant of the accusation against him; it did not inquire as to whether appellant had any cause to show why he should not be adjudged guilty of contempt; and it did not give appellant an opportunity to present evidence of any excusing or mitigating circumstances. Based upon this noncompliance, we conclude that it was error for the trial court to hold appellant in contempt. See Krathen v. State, Fla.App. 1975, 310 So.2d 381; Speller v. State, Fla.App. 1974, 305 So.2d 231; Berman v. State, Fla.App. 1971, 253 So.2d 144 and Manning v. State, Fla.App. 1970, 234 So.2d 16. Due to this determination it is unnecessary at this time for us to rule on the other points raised on appeal by appellant, however, we feel that the following points should be considered upon remand of the cause.
The judgment dated February 25, 1975, finding appellant guilty of direct criminal contempt of court sentenced him to be imprisoned by confinement "at hard labor" in the Dade County Jail for a period of one year. It has been held that, since the repeal of § 922.05(2) Fla. Stat., F.S.A., by Ch. 70-339, § 180 Laws of Fla. 1970, there is no authority for imposing upon contemnors a sentence "at hard labor." See Speller v. State, Fla.App. 1974, 305 So.2d 231.
Further, we note the case of Aaron v. State, Fla. 1973, 284 So.2d 673, involving Rule 3.840, Florida Rules of Criminal Procedure, F.S.A., indirect criminal contempt, which sets forth the caveat that if, upon conviction, the trial court intends to impose a sentence for contempt in excess of six months, it should afford a defendant an opportunity to opt for a jury trial. See also Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538; Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522; 33A Modern Federal Practice Digest, Jury §§ 22(1) and 22(2); and 6 Fla.Jur., Contempt § 51.1.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and the cause is remanded to the trial court for further action not inconsistent with this opinion.
Reversed and remanded.