PER CURIAM.
After reviewing the briefs and record on appeal, we find the appellant has failed to demonstrate reversible error. Therefore, the judgment appealed is affirmed.
The only points which merit discussion are the propriety of appellant’s sentence to confinement “at hard labor” and the provision in the judgment and sentence form for a mandatory minimum imprisonment of three years to appellant’s sentence for possession of a firearm by a convicted felon.
To be imprisoned “at hard labor” is improper because no existing state statute provides for its imposition as a sentence for any offense. Speller v. State, 305 So.2d 231 (Fla.2d DCA 1974).
In pronouncing sentence upon appellant, the trial judge properly stated that Section 775.087(2), Florida Statutes, which requires a mandatory minimum three years’ imprisonment before a defendant is eligible for parole, would apply to appellant’s sentences for attempted third-degree murder (Count I) and attempted escape (Count II). The trial judge did not provide that the statute was to apply to appellant’s sentence for possession of a firearm by a convicted felon (Count III). However, through a clerical error, the judgment and sentence form reads “FLA. STATUTE 775.087 applies to Count II and Count III.” The form should be corrected to conform to the sentence as pronounced by the judge.
Remanded for the purpose of striking the language “at hard labor” from the sentencing order and for substituting the words “Count I” for “Count III” in the last sentence of the judgment and sentencing order which presently reads “FLA. STATUTE 775.087 applies to Count II and Count III”; otherwise, affirmed.
Appellant need not be present for this purpose,
GRIMES, C. J., and HOBSON and OTT, JJ-, concur,