BASKIN, Judge.
Appellant was instructed by the trial court to answer questions posed by the state during a deposition conducted in connection with a state investigation of appellant’s oral surgeon. Acting under advice of counsel, appellant declined to answer. He maintained that although he had been granted immunity from prosecution by the state, the court order requiring him to respond to questions concerning whether his doctor prescribed methaqualone violated his right to privacy. Appellant was held in contempt and sentenced to serve four months in the Dade County Jail. He contends on appeal that although his attorney was permitted to present legal argument, he was not afforded an opportunity to address the court. The court entertained the following discussion:
MS. COHAN: Mr. Laremore is aware that Your Honor has instructed him to answer the questions and has, in fact, refused to do so. At this time, I would ask Your Honor to hold him in contempt.
MR. LAREMORE: Can I state why?
MR. WINDSOR: I just want the Court to know, obviously, he is not hostile in the attitude that he is expressing to the Court. He’s concerned about that.
THE COURT: No hostility. He’s refusing to obey the order of the Court.
MR. WINDSOR: Those reasons have been stated.
THE COURT: I think it would be a lot better if you didn’t say anything.

MR. WINDSOR: Just for the record, I would object to any sentence being imposed at this time.
THE COURT: On what ground?
MR. WINDSOR: I don’t think — I’m not sure that the Court, at this point, has sufficient information before it to know how punitive the measure should be.
MS. COHAN: It’s direct contempt. It’s summarily punishable.
THE COURT: I’m aware and I’m going to sentence you to four months in the Dade County Jail for direct contempt of this Court. I’m going to stay execution of this sentence pending your right to take an appeal and during the pendency of the appeal, (emphasis added).
The trial court failed to afford appellant an opportunity to present evidence of mitigating circumstances. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975); Krathen v. State, 310 So.2d 381 (Fla. 4th DCA 1975); Weech v. State, 309 So.2d 246 (Fla. 4th DCA 1975); Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974); Moore v. State, 245 So.2d 880 (Fla. 2d DCA 1971); Fla.R.Crim.P. 3.830.[1] We therefore reverse and *819 remand for further proceedings consistent with this opinion.
Appellant’s remaining point lacks merit.
Reversed and remanded.
NESBITT, J., dissents.

. Fla.R.Crim.P. 3.830:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment