525 So.2d 1009 (1988)
Rodney THAXTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2185.
District Court of Appeal of Florida, Third District.
May 31, 1988.
*1010 Bennett H. Brummer, Public Defender, and Gregory P. Borgognoni, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT, and FERGUSON, JJ.
PER CURIAM.
An assistant public defender appeals an order of direct contempt which fined him the sum of fifty dollars and withheld adjudication. During the cross-examination of a refractory state's witness, the assistant read a selected portion of the witness's deposition in an effort to impeach him. Then the following colloquy occurred:
ASSISTANT STATE ATTORNEY: Judge, I would ask that he read down a little further to make the question complete to line 23.
ASSISTANT PUBLIC DEFENDER: Well, Judge, I'm going to object to the prosecutor's speaking objection. She knows they are improper.
THE COURT: Excuse me. Go ahead and finish it.
ASSISTANT PUBLIC DEFENDER: What are we speaking of now?
THE COURT: The questions through lines 23 or 24.
ASSISTANT PUBLIC DEFENDER: Your Honor, I do not think this is the proper way. This is impeachment material. May we have a side bar?
THE COURT: No.
ASSISTANT PUBLIC DEFENDER: What is it the Court wants me to read?
THE COURT: Go through all the questions and answers until you reach the end of the page.
ASSISTANT PUBLIC DEFENDER: Well, we can read the entire thing, read the rest of the book.
THE COURT: Now we will have a side bar. (Thereupon, counsel for the respective parties and the court reporter approached the bench and the following proceedings were heard outside the hearing of the jury:)
THE COURT: That just cost you $50.
ASSISTANT PUBLIC DEFENDER: What is that, Your Honor?
THE COURT: Your comment.
ASSISTANT PUBLIC DEFENDER: I'm asking the Court 
THE COURT: Sir, I just held you in contempt of court. I fined you $50. Let us proceed with the trial.
ASSISTANT PUBLIC DEFENDER: May I address the Court with regard to this issue?
THE COURT: No, we can address it later.
From the manner, inflection, volume, and attitude of the assistant public defender at the time of uttering the comment, the trial court might have determined that the comment constituted "back talk" calculated to frustrate and diminish the court's authority during the conduct of a jury trial. See Ex parte Earman, 85 Fla. 297, 95 So. 755 (1923). On this record, it is apparent that the trial court did not afford the alleged contemnor due process as enunciated in Florida Rule of Criminal Procedure 3.830. The trial court did not advise the defendant of the accusation against him or afford him an opportunity to show cause why he *1011 should not be adjudged in contempt before he, in fact, was.
For these reasons, the order is reversed and remanded for further proceedings.