559 So.2d 1164 (1990)
Mary WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2180.
District Court of Appeal of Florida, Fourth District.
January 10, 1990.
*1165 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We treat this appeal as a petition for a writ of habeas corpus challenging the legality of the appellant/petitioner's detention. This court has jurisdiction to consider the petition notwithstanding the failure of the trial court to enter a signed written order. Glinton v. Wille, 457 So.2d 563 (Fla. 4th DCA 1984). By a separate order we directed that the petitioner be released from custody pending further proceedings.
The petitioner was involved in a domestic assault that resulted in the filing of felony charges against her boyfriend. She subsequently asked the state to drop the charges. At a hearing to reduce his bond the court was advised that the victim/petitioner recanted her original statement. The court, recalling that she testified in accordance with the initial statement at an earlier bond hearing, recognized that she apparently committed perjury at the first hearing.
The court, without warning or explanation, called the petitioner to the stand. The petitioner admitted, in response to questioning by the judge, that she lied at the first hearing by saying that her boyfriend had threatened her. The court recognized that as a result of her lie the defendant/boyfriend had been kept in jail with a high bond for several weeks. Without more, the court held the petitioner in direct contempt and sentenced her to six months in jail starting immediately. The court rejected the suggestion of the boyfriend's attorney that the petitioner should first be afforded the opportunity to defend the contempt charge and to consult with counsel.
We recognize that a judgment of contempt is generally entitled to a presumption of correctness. In re Weinstein, 518 So.2d 1370 (Fla. 4th DCA 1988). We also note that technical deviations from rule 3.830, Florida Rules of Criminal Procedure, may be excused upon consideration of the totality of the record. B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988). Nevertheless, this record reflects that the appellant was not given an opportunity to consult with a lawyer or to defend herself. She was not informed of the charge, nor was she given an opportunity to show cause or to present evidence of excusing or mitigating circumstances. See Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978); Laremore v. State, 408 So.2d 817 (Fla. 3d DCA 1982); Jacobs v. State, 327 So.2d 896 (Fla. 3d DCA 1976).
The August 15, 1989 order holding Mary Walker in contempt of court, and the sentence thereon, are reversed. We note that further contempt proceedings against the petitioner, if any, should be conducted as an indirect contempt under rule 3.840, Florida Rules of Criminal Procedure. Cf. Bumgarner v. State, 245 So.2d 635 (Fla. 4th DCA 1971); Fox v. State, 490 So.2d 1288 (Fla. 5th DCA 1986).
GUNTHER and POLEN, JJ., concur.