626 So.2d 1048 (1993)
Colondro PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3353.
District Court of Appeal of Florida, Fourth District.
November 10, 1993.
*1049 Richard L. Jorandby, Public Defender, Cherry Grant, Asst. Public Defender and Carlton Smith, Legal Asst., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant appeals both a resentencing after remand and also a criminal contempt charge imposed at the resentencing hearing. In the previous appeal, we reversed the sentence because the trial court had failed to make factual findings on the record, as required by section 39.111(7)(d), Florida Statutes (1989). Peters v. State, 585 So.2d 511 (Fla. 4th DCA 1991). At the resentencing hearing, the trial court again sentenced him as an adult without making all of the required factual findings. In response to the pronouncement of the sentence, defendant exclaimed: "Don't need this shit." Thence the following:
COURT: Come back here. What did you say to me?
PETERS: No, I ain't said nothing to you.
COURT: No, sir, that's not correct. What you said to me is something along the line of I don't need this shit. Would that be a pretty fair statement of that?
PETERS: No sir.
COURT: Are you denying that?
PETERS: Yes sir.
COURT: I do find you in direct criminal contempt, sir. And I do sentence you to an additional six months in the State prison system consecutive with any other period that you will serve.
Defendant raises two points on appeal. First, he contends that the trial court again failed to address all of the factors in section 39.111(7)(c), Florida Statutes (1989), before sentencing him as an adult and again failed to enter an order containing all of the findings required by section 39.111(7)(d). We agree.
It is not enough that the trial judge privately consider the statutory factors before sentencing a juvenile as an adult; the court must instead set down in writing its factual findings as to each of the statutory criteria. Sirmons v. State, 620 So.2d 1249 (Fla. 1993); State v. Rhoden, 448 So.2d 1013 (Fla. 1984). The failure of this judge once again to comply with this statute requires a reversal.
As to the contempt conviction, although we have no difficulty in concluding that appellant's conduct constituted direct criminal contempt, see Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976), approved 346 So.2d 68 (Fla. 1977), we cannot agree that the trial court complied with the applicable rule. Florida Rule of Criminal Procedure 3.830 provides as follows:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant *1050 shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court. [e.s.]
This rule requires that the defendant be first given notice of the charge of contempt of court and the facts on which the charge is based. Then he must be given an opportunity to explain why he should not be adjudicated guilty of contempt before punishment is imposed. Walker v. State, 559 So.2d 1164 (Fla. 4th DCA 1990).
Scrupulous compliance with rule 3.830 is required because its provisions constitute the essence of due process. Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); and Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978). Here the trial judge failed to provide appellant with prior notice of the charge of contempt and then failed to give him an opportunity to explain before imposing sentence.
Accordingly, we reverse the new sentence imposed after our earlier remand, and we also reverse the conviction for contempt and its consequent sentence. Upon remand, the case shall be assigned to a different judge for resentencing on the primary conviction and for an adjudication on the contempt charge.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER, J., and MAY, MELANIE G., Associate Judge, concur.