PER CURIAM.
This is an appeal from three separate adjudications and sentences for direct criminal contempt arising out of incidents which occurred within a short time of each other during a hearing in which the appellant appeared as a criminal defendant in the court below. We reverse all of the convictions for new hearings.
We reach this result as to the first and third adjudications because, in each of these instances, the alleged misconduct is not objectively supported by the record before us. Thompson v. State, 618 So.2d 781 (Fla. 5th DCA 1993); Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977), cert. denied, 360 So.2d 1250 (Fla.1978); Krueger v. State, 351 So.2d 47 (Fla. 3d DCA 1977). The second adjudication is deficient because the trial judge did not follow the mandatory requirements of Florida Rule of Criminal Procedure 3.830 that:
Prior to the adjudication of guflt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
Fla.R.Crim.P. 3.830; Thaxton v. State, 525 So.2d 1009 (Fla. 3d DCA 1988); Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981). Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993) is *1051 uncannily similar both as to the content of the offending statement and the procedural impropriety involved.
Reversed.