PER CURIAM.
Jose Sanjurjo appeals his conviction for sale, manufacture, or delivery of cocaine and possession with intent to sell or deliver cocaine, as well as two separate adjudications for direct criminal contempt.
Initially, we find that defendant’s motion for a continuance made at the time a standby attorney began representation of defendant was properly denied. As simple as the charges were, we do not believe the circumstances necessitated a continuance.
We also reject defendant’s main contention of error, that the trial court erred in permitting defendant to proceed pro se. Early in the proceedings, defendant requested that he be permitted to represent himself. This request was granted. Shortly thereafter, defendant changed his mind and decided he did not want to represent himself. This flip-flopping occurred several times. During one such exchange, the public defender appointed to represent defendant requested that defendant be examined to determine whether he was competent to stand trial. That examination resulted in a determination of competency.
*966 On the day the trial began, defendant once again expressed his desire to represent himself. This time or earlier, or in combination, the trial judge, pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), made a thorough inquiry of defendant and discussed the dangers and problems connected with self-representation. The judge reluctantly permitted defendant to commence the trial representing himself with standby counsel. Defendant showed little interest .in the voir dire. Immediately thereafter, defendant elected to have standby counsel take over and conduct the remainder of the trial. Only two state witnesses were called — first, the arresting officer, and second, the chemist who had analyzed the contraband taken from the transaction.
Defendant argues that his bizarre conduct should have signaled to the trial court his inability to represent himself. After a careful review of what transpired, we disagree. As stated above, the court acted in accordance with Faretta. Furthermore, defendant only represented himself during voir dire. During this time, when he showed little interest in the jurors being chosen, the state challenged a juror who displayed an obvious bias against defendant. Under the circumstances, it seems patently clear that no harm befell defendant as a result of his own limited self-representation.
We do however agree with defendant regarding his claim of error in the court’s adjudications of contempt. As the trial came to a conclusion, defendant became obstreperous, making violent outbursts in the court. After first admonishing defendant to refrain from such improper conduct, the trial judge then adjudged him in direct criminal contempt under Florida Rule of Criminal Procedure 3.830. Following that, another outburst caused the trial judge to again adjudicate defendant guilty of criminal contempt. The trial judge did not, however, allow the defendant the opportunity to present evidence of excusing or mitigating circumstances with respect to either contempt adjudication, as required by the rule. See Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993); Davis v. State, 575 So.2d 288 (Fla. 3d DCA 1991). This failure requires that the adjudications for direct criminal contempt be reversed and remanded for further proceedings.
Affirmed in part and reversed in part.