SORONDO, Judge.
Upon the state’s proper confession of error, we reverse the trial court’s order adjudicating the Appellant guilty of contempt and sentencing him to serve six (6) days in the Dade County Jail.
The Appellant was a prospective juror in a civil case involving a claim of medical malpractice. During the course of voir dire examination the court asked the prospective jurors if any of them had ever sued or been sued by anyone. Appellant initially responded that he had been involved in one lawsuit. He subsequently stated that “there’s been a few of them in the business itself.” In reality, Appellant had been named, as either plaintiff or defendant, in more than thirty (30) lawsuits. Upon discovering this fact, the trial court ordered Appellant to show cause why he should not be held in contempt for his misrepresentations during voir dire. The Appellant responded that he was sick during voir dire and that he honestly did not remember the other lawsuits. The trial judge was unimpressed with Appellant’s effort to purge himself of the contempt and found him guilty of contempt of court. The judge then *67 sentenced Appellant to six (6) days in the county jail.
The state confesses error, and we reverse, because prior to sentencing, the court failed to afford the Appellant an opportunity to present evidence to mitigate his sentence. This omission is fatal to this adjudication and sentence for contempt of court. Florida Rule of Criminal Procedure 3.830 sets forth the specific requirements for an adjudication and sentence for direct criminal contempt:
Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
(Emphasis added). See also, Cook v. State, 636 So.2d 895 (Fla. 3d DCA 1994); Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993); Thaxton v. State, 525 So.2d 1009 (Fla. 3d DCA 1988); Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); State ex rel Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981). The case law in this area is very clear that strict adherence to the rule is absolutely imperative. “Scrupulous compliance with Rule 3.830 is required because its provisions constitute the essence of due process.” Peters, 626 So.2d at 1050.
Reversed and remanded with instructions to discharge Appellant.