711 So.2d 1173 (1998)
Anthony MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3657.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Rehearing, Rehearing and Clarification Denied June 1, 1998.
*1174 William S. Abramson, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellees.
Rehearing, Rehearing En Banc and Clarification Denied June 1, 1998.
FARMER, Judge.
As Anthony Martin breezed tardily into a hearing on a motion for a restraining order, which had already been in progress for some time, he began to rail against the commencement of the hearing in his absence, referring to the proceedings as a "kangaroo court." Not being content with that he also attacked the impartiality of the judge. Turning his back on the trial judge, he addressed the media cameras thus:
"I feel very uncomfortable being with a judge whoin 28 years in court I have never in my life seen a judge who would conduct an ex parte hearing when there was no necessity to do so. I feel it's scandalous. With the court's permission, I'm going to go to the Fourth District Court of Appeals [sic] and move to quash the proceeding instanter and also to quash any action you might take. We certainly feel these litigants, if they wish to proceed, have a right to do so. There is a camera here. This is a circus proceeding. You are conducting a judicial circus for the law firm of Steel, Hector and Davis and Tom Barkdull, and we're going to the District Court of Appeals [sic]. We intend justice be done by a judge who's not bought lock, stock and barrel by Scripps Howard Broadcasting and the law firm of Steel, Hector and Davis. Your honor, I do not wish to be a party to"
At that point, the trial judge interrupted the tirade and said:
"Let me stop you right now.... That last remark about `bought' is contemptuous. You are in direct criminal contempt. You're sentenced to 30 days. Take him away. I'll grant your motion."
The court then also refused a stay of the sentence for contempt while Martin brought an appeal.[1]
Florida Rule of Criminal Procedure 3.830 provides as follows:
"Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances." [emphasis supplied]
As we explained in Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993),
"This rule requires that the defendant be first given notice of the charge of contempt of court and the facts on which the charge is based. Then he must be given an opportunity to explain why he should not be adjudicated guilty of contempt before punishment is imposed."
626 So.2d at 1050. See also Walker v. State, 559 So.2d 1164 (Fla. 4th DCA 1990). We have pointed out that "[s]crupulous compliance with rule 3.830 is required because its provisions constitute the essence of due process." Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); and Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978).
Plainly Martin's comments are criminally contemptuous on their face and require *1175 no explanation by the judge as to why they are deemed contemptuous. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); and Ex Parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888) (where a contemptuous act is committed in open court in the presence of the judge, the trial judge may proceed upon its own knowledge of the facts, without further proof, without issue or trial, and without hearing or explanation of the motives of the offender, immediately to determine whether the facts justified punishment and to inflict such punishment as was fitting under the law).
On the other hand, it is equally clear that the trial judge failed to comply with the portion of rule 3.830 quoted above and give Martin a chance to show why he should not be found in contempt and to argue for a different sentence. Consequently we have no choice but to reverse for compliance with the rule.
On remand the trial judge shall afford the contemnor an opportunity to explain why he should not be adjudicated guilty of contempt before punishment is imposed; but he shall be free to impose the same sentence as before.
REVERSED.
POLEN and KLEIN, JJ., concur.
NOTES
[1] We granted Martin's motion for a stay pending review. On our own motion, we have designated the State of Florida as the appellee in place of the trial judge and the Sheriff of Palm Beach County.