729 So.2d 965 (1999)
Jose TEJADA, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1523.
District Court of Appeal of Florida, Third District.
March 10, 1999.
*966 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, and Shaundra L. Kellam, Certified Legal Intern, for appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner (Ft. Lauderdale), Assistant Attorney General, for appellee.
Before NESBITT, LEVY, and GODERICH, JJ.
NESBITT, J.
Defendant in another case, Casalta, asked Jose Antonio Tejada to sign a form which would enable Casalta's release. Casalta had not been in the community long enough to be released on his own recognizance. Before the court approved the signature, Mr. Tejada testified under oath, that he had known Casalta for three years. He also testified that when Casalta was out of the country, the two kept in contact over the telephone and visited one another. The court approved Mr. Tejada's signature and authorized Casalta's release. Three days later, Mr. Tejada appeared before the same court and was asked to take the stand. The following colloquy took place.
THE COURT: Mr. Tejada, you were here in court a couple days ago?
Mr. Tejada: Yes.
THE COURT: You told me you had known Mr. Casalta for the past three years. Is that true?
Mr. Tejada: No, sir.
THE COURT: All right. And why did you tell me that?
Mr. Tejada: It was just a matter to help somebody. I know most of the friends that I have for a long time, and it was my mistake. It was my fault. I just wanted to help somebody, I guess.
THE COURT: I there any reason why you should not be held in contempt of court for lying to me inducing me to release somebody into the community?
Mr. Tejada: I know it was my fault. I already talked with the lawyer. And I take the consequence for my fault. The one that talked to him, my apologies.
THE COURT: All right. I find that you are in criminal contempt for lying to the Court the other day. Is there anything you want to say in mitigation before I sentence you?
Mr. Tejada: Nothing, sir.
Mr. Tejada was found to be in direct criminal contempt[1] and was sentenced to six months *967 in prison which was thereafter reduced to thirty days.
Following the analysis outlined in Walker v. State, 559 So.2d 1164, 1165 (Fla. 4th DCA 1990), we reverse the order under review. The Fourth District explained what transpired in Walker as follows:
The court, without warning or explanation, called the petitioner to the stand. The petitioner admitted, in response to questioning by the judge, that she lied at the first hearing by saying that her boyfriend had threatened her. The court recognized that as a result of her lie the defendant/boyfriend had been kept in jail with a high bond for several weeks. Without more, the court held the petitioner in direct contempt and sentenced her to six months in jail starting immediately. The court rejected the suggestion of the boyfriend's attorney that the petitioner should first be afforded the opportunity to defend the contempt charge and to consult with counsel.
The court then observed:
We recognize that a judgment of contempt is generally entitled to a presumption of correctness. In re Weinstein, 518 So.2d 1370 (Fla. 4th DCA 1988). We also note that technical deviations from rule 3.830, Florida Rules of Criminal Procedure, may be excused upon consideration of the totality of the record. B.M. v. State, 523 So.2d 1185 (Fla. 2d DCA 1988). Nevertheless, this record reflects that the appellant was not given an opportunity to consult with a lawyer or to defend herself. She was not informed of the charge, nor was she given an opportunity to show cause or to present evidence of excusing or mitigating circumstances. See Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978); Laremore v. State, 408 So.2d 817 (Fla. 3d DCA 1982); Jacobs v. State, 327 So.2d 896 (Fla. 3d DCA 1976).
Walker, 559 So.2d at 1165.
In the instant case, the trial judge, upon calling Mr. Tejada, gave him the opportunity, at that moment, to respond and defend himself. While this was apparently more than the instantaneous action the court took in Walker, it was nonetheless not in keeping with the notice and opportunity to be heard requirements outlined in rules 3.830 and 3.840.[2]See Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993)(concluding procedural provisions of rule governing contempt of court charges are essence of due process requiring scrupulous compliance). Clearly, Mr. Tejada was not given the time necessary to prepare a defense. See Davis v. State, 575 So.2d 288 (Fla. 3d DCA 1991)(holding defendant was not provided with sufficient notice and sufficient opportunity to present evidence with respect to accusation of criminal contempt, where record reflected merely that proceedings were held wherein trial court questioned defendant regarding his nonappearance at trial three days earlier and defendant made brief statement by way of explanation, and trial court adjudicated defendant guilty of direct criminal contempt and pronounced sentence); See also Goral v. State, 553 So.2d 1282, 1283 (Fla. 3d DCA 1989)(holding two working days notice was insufficient time to prepare a defense for contempt hearing).
Certainly the trial judge should be commended for attempting to vindicate the dignity of his courtroom and, had the exchange between the judge occurred immediately after Mr. Tejada had given his testimony, a swift determination of direct criminal contempt, may have been appropriate. Here, however where a number of days had passed, *968 Mr. Tejada had a right to notice and the opportunity to prepare to defend the charge against him. Nor can we conclude from the above brief exchange that defendant knowingly waived his due process rights. Also, this was not a matter such as was presented in Martin v. State, 711 So.2d 1173 (Fla. 4th DCA 1998), where Martin's comments were criminally contemptuous on their face and required no explanation as to why they were deemed contemptuous. See Bryant v. State, 363 So.2d 1141, 1144 (Fla. 1st DCA 1978).
In Walker, the Fourth District instructed that in that case, further contempt proceedings if any, should be conducted as an indirect contempt under Florida Rule of Criminal Procedure 3.840. Under the instant facts, we likewise conclude that further contempt proceedings if any, should be conducted as an indirect contempt.
The order under review is reversed.
NOTES
[1] Rule 3.830 provides:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
[2] Rule 3.840 provides in part:

A criminal contempt, except as provided in rule 3.830 concerning direct contempts, shall be prosecuted in the following manner:
(a) Order to Show Cause. The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.