J^PETERS, J.
Terry Markley, the natural mother and sole custodial parent of her minor son, Fulton Dale Bridwell, appeals a judgment of the trial court granting a summary judgment in favor of Richard E. Edwards, Jr., Sheriff of Jefferson Davis Parish,[1] dis *1214 missing Sheriff Edwards as a defendant in this litigation. For the following reasons, we affirm the trial court judgment in all respects.
There exists no factual dispute concerning the litigation before us. On Wednesday, April 28, 1999, a Jefferson Davis Parish deputy sheriff removed Fulton from the Elton High School campus in Jefferson Davis Parish and transported him to the St. James Parish Detention Center pursuant to a validly issued court order. The order had been issued following an investigation of alleged statements made by Fulton concerning making bombs and blowing up Elton High School. He remained in the detention center until his release to his mother’s custody on Monday, May 3, 1999. Fulton made no court appearances during his detention and requested no continuance of any hearing.
Mrs. Markley asserts in her suit against Sheriff Edwards that the failure of the Jefferson Davis Parish Sheriffs Office to timely afford her son a seventy-two hour hearing pursuant to La.Ch.Code art. 819 constituted false imprisonment. She asserts in her sole assignment of error in this appeal that the trial court erred in failing to recognize this false imprisonment cause of action.
If, after a hearing on a motion for summary judgment, it is established that there is no issue of material fact and that the mover is entitled to judgment as a matter Dof law, the trial court shall grant the motion. La.Code Civ.P. art. 966(C)(1). Thus, the issue before us is whether, as a matter of law, Sheriff Edwards was entitled to a summary judgment dismissing him from the litigation.
Louisiana Children’s Code Article 819 provides that, if a child taken into custody pursuant to a court order is not released to his parents, “a hearing shall be held by the court within three days after the child’s entry into the juvenile detention center or shelter care facility” to which he is taken. “If the hearing is not held, the child shall be released unless the hearing is continued at the request of the child.” Id. However, the hearing is to be held within three days, not seventy-two hours as suggested by Mrs. Markley.
Louisiana Children’s Code Article 114 specifically addresses the question of how to calculate the three-day period and provides, in pertinent part:
A. In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
B. A half-holiday is considered as a legal holiday.
C. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except in any one of the following instances:
(1) It is expressly excluded.
(2) It would otherwise be the last day of the period, except that for purposes of calculating a release date from an order of commitment, a legal holiday shall be included if it is the last day of the period.
(3) The period is less than seven days.
D. All Saturdays and Sundays are also considered as legal holidays.
(Emphasis added.)
l.qApplying the computation rules of La. Ch.Code art. 114 to the matter before the court, we conclude that Fulton’s release occurred before the three-day limit of La. Ch.Code ait. 819 had expired. The first day, Wednesday, April 28, is not included in the calculation, nor are the following Saturday and Sunday. Sheriff Edwards had until the end of the day on Monday *1215 May 3, 1999, in which to effect a continued custody hearing or release Fulton. He released Fulton to his mother’s custody before the end of that day, thus complying with the mandate of the Article. We find no merit in the sole assignment of error.
DISPOSITION
For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of Richard Edwards, Sheriff of Jefferson Davis Parish, dismissing him from this litigation. We assess all costs of this appeal to Terry Markley.
AFFIRMED.

. We note that the plaintiffs named the Jefferson Davis Parish Sheriff’s Office as a party-defendant. As noted in the trial court’s judgment, the Jefferson Davis Parish Sheriff's Office is not a legal entity capable of suing or being sued. Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 66'5. "[S]uch status [is] reserved for the Sheriff.” Id. at 668. Thus, we affirm that portion of the trial court's judgment dismissing that non-entity as a party-defendant.