923 So.2d 1223 (2006)
Michael BAUDER, Appellant,
v.
The STATE of Florida, Appellees.
No. 3D03-3389.
District Court of Appeal of Florida, Third District.
March 22, 2006.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before COPE, C.J., and RAMIREZ, and ROTHENBERG, JJ.
PER CURIAM.
Michael Bauder appeals a conviction and sentence for contempt of court. We reverse the adjudication of contempt because the trial court failed to provide Bauder an opportunity to present evidence in mitigation prior to sentencing.
Based on the incomplete record before us, it appears that on September 19, 2003, Bauder was in front of the trial court for a rule to show cause that had been issued against the Florida Parole Commission. Alexandria Walters appeared for the Commission *1224 and the rule was discharged. There was a discussion as to certain petitions and writs filed by Bauder, none of which have been provided to us. There was a lengthy discussion as to the prior proceedings, whereupon the court apparently found that Bauder's petition was successive. At that point, Walters informed the court that there was an outstanding warrant for Bauder's arrest and was told to sit down. During the ensuing discussion, Bauder simply walked out and had to be stopped by the judge's bailiff as he was entering his car across the street from the courthouse.
Florida Rule of Criminal Procedure 3.830 allows for a finding of direct criminal contempt when the court sees or hears the conduct constituting the contempt. Pursuant to the rule, however, prior to a finding of contempt or the imposition of a sentence, the accused must be informed of the charges against him, be permitted to provide good cause why he should not be held in contempt of court, and be given an opportunity to offer any mitigation of his conduct. As the trial court summarily found Mr. Bauder in direct criminal contempt and sentenced him without complying with the rule, the judgment and sentence must be reversed.[1]See Gopman v. Washington Mut. Bank, F.A., 885 So.2d 1037, 1038 (Fla. 4th DCA 2004); Kendrick v. Kendrick, 876 So.2d 730 (Fla. 1st DCA 2004); Patz v. State, 691 So.2d 66, 67 (Fla. 3d DCA 1997)(stating that "[t]he case law in this area is very clear that strict adherence to the rule is absolutely imperative. `Scrupulous compliance with Rule 3.830 is required because its provisions constitute the essence of due process.'"), quoting from Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993).
Reversed and remanded with directions to vacate the contempt adjudication.
NOTES
[1] After obtaining numerous extensions of time to file an Answer Brief, the state claims that the issue is moot because Bauder has already served his sentence. We reject this argument because the conviction still impacts on Bauder's credit for time served and on his criminal record.