592 So.2d 327 (1992)
Ronald HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0260.
District Court of Appeal of Florida, Fourth District.
January 3, 1992.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
During a recess of his trial on criminal charges, defendant Hayes, who is an indigent, left the courthouse to locate and bring to court a witness to testify on his behalf. Instead of summarily punishing him on the spot when he returned, the trial court entered an order on that same day requiring the defendant to appear at a hearing to be held three weeks later to show cause why he should not be held in contempt. Although Hayes appeared at the time specified, he had no attorney to represent him. When questioned as to why he "just took off and left," Hayes explained to the court that, after jury selection:
I went to find  I had one witness which was my sister, the one that was in the case as well, and around back from picking her up across town, the car was broken down and I ran late.
The state attorney was in attendance and responded that "last time, his attorney came in and said he left to find another attorney. Nothing was mentioned about his sister or  ." Hayes then attempted to explain:
THE DEFENDANT: That was Mr. Walker. He said I called him on the phone, and Mr. Geraci was my attorney, and I wanted to use Mr. Walker at that time. I was on the phone and he couldn't get here. So, my sister was my only witness. Mr. Geraci said I had one witness.
THE COURT: Well, you feel like you can take off any time you want to?
THE DEFENDANT: No, I don't, Your Honor.
THE COURT: And in fact, you were right in the middle of a trial. Okay. I'm gonna find that you are in contempt of court, Mr. Hayes. I'll adjudge you to be *328 in contempt. Anything further to say why sentence should not be imposed?
THE DEFENDANT: Just  I would like to be to  I was under the impression that the 10th was my date which was Thursday to be here for this.
THE COURT: Okay. Hearing nothing sufficient, I'm going to sentence you to ninety days for contempt * * *.
Thus without appointing counsel, or even inquiring if the defendant wanted one, the trial court found the defendant in contempt and sentenced him to ninety days.
In Daniels v. State, 587 So.2d 460 (Fla. 1991), the defendant appealed his robbery conviction, claiming that the conviction was illegal because the trial was conducted in his absence. The supreme court affirmed, noting that the defendant voluntarily absented himself after jury voir dire, but before the jury was sworn. The court relied on Florida Rule of Criminal Procedure 3.180(b), which provides that where a defendant is present at the beginning of a trial, but thereafter voluntarily absents himself from the presence of the court, the trial may proceed through verdict.
Daniels may raise an issue as to whether Hayes's action can be deemed contemptuous. The record does not indicate whether there was any court order which required Hayes to remain physically in the courtroom throughout the trial. Without such an order, Hayes could have argued that there was no reason why he could not  consistent with rule 3.180  voluntarily absent himself from trial, especially to locate and bring to court a witness to testify for the defense. Therefore, the trial court's failure to provide a lawyer requires reversal because Hayes lacked the legal knowledge to raise that issue at the show cause hearing.
Hayes relies on Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), in which the United States Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, a misdemeanor, or a felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538. As the court later explained in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979):
[W]e believe that the central premise of Argersinger  that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment  is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.
440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.
We find equally compelling In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), in which the Court squarely held that procedural due process:
requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf * * *. [e.s.]
333 U.S. at 275, 68 S.Ct. at 508-09. See also In re Green, 369 U.S. 689, 691-92, 82 S.Ct. 1114, 1116, 8 L.Ed.2d 198, 201 (1962); and Andrews v. Walton, 428 So.2d 663, 665 (Fla. 1983) (persons accused of criminal contempt are as much entitled to basic constitutional rights as those accused of violating criminal statutes).
The Oliver court noted that a narrow exception to these due process requirements is allowed for:
charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public. [e.s.]
333 U.S. at 275, 68 S.Ct. at 509. Citing Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), cert. dis'd, 344 So.2d 567 (Fla. 1977), the State argues that Hayes's conduct falls within this exception and that he *329 was therefore not entitled to be represented by counsel. We disagree.
In Saunders, the First District held that the rule in Argersinger did not apply in cases involving direct contempt during the course of a trial. According to the court, representation by counsel should not be required in such cases. Saunders involved a witness who, after repeatedly refusing to answer questions when requested by the court, used profanity and called the judge a "son of a bitch." In the words of the court, the case involved:
one witness, who flaunts [sic] the authority of the sovereign contending that his right transgresses [sic] all others, and that he is entitled to profane this judicial proceeding without being subject to summary punishment until and unless he has been afforded counsel.
As the court saw it, "To so hold would make a mockery of our judicial process." 319 So.2d at 125.
We conclude that even if the Saunders holding is possible under Argersinger and In re Oliver, a decision that we do not make here, it could not possibly apply to the present case because immediate punishment of Hayes was obviously not deemed by the trial judge as "essential to prevent demoralization of the court's authority." The facts show instead that the judge issued a written show cause order for a later date, rather than punishing Hayes's absence on the spot. Moreover, Hayes did not use profanity, call into question the judicial ancestry, engage in conduct even remotely resembling the conduct in Saunders or in any other way attack the honor or integrity of the court. Thus, well established federal constitutional law required that Hayes be given the opportunity to be represented by counsel if he was to be punished by imprisonment.
In addition to these constitutional principles, there are two rules of criminal procedure in Florida which apply to contempt of court prosecutions. Rule 3.830 covers "direct" contempt and allows the court to punish it summarily if the court saw or heard the conduct constituting the contempt. The judge is required to inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be found guilty of contempt. There is no requirement under rule 3.830 that the defendant be represented by counsel.
Rule 3.840 covers "indirect" criminal contempt. Generally it requires the judge to issue a written order directed to the defendant, stating the essential facts charging criminal contempt and requiring the defendant to appear before the court at a fixed time to show cause why he should not be held in contempt of court. The rule expressly adds: "The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense."
Paradoxically, both parties argue that this action involves direct contempt under rule 3.830. It is difficult, however, for us to understand how Hayes's conduct can be considered to have been committed in the "actual presence of the court", when it was Hayes's absence from the presence of the court that caused the judge to complain. Moreover, the trial judge himself followed the procedures of rule 3.840 by issuing an order to show cause and requiring Hayes to appear for the later hearing on the contempt charge, suggesting that he viewed the offense to be governed by that rule rather than the direct contempt in rule 3.830. Any doubts as to which type of contempt is involved should be resolved in favor of the contemnor. Fox v. State, 490 So.2d 1288 (Fla. 5th DCA 1986).
We also note that rule 3.111(b)(1), Florida Rules of Criminal Procedure, states very clearly that "[c]ounsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment * * *." Hayes has been found an indigent. There is no exception in rule 3.111(b)(1) for contempt prosecutions resulting in imprisonment of an indigent, and even if there were, constitutional adjudications (as we have seen) require counsel anyway.
The State argues that Hayes was obviously aware of his general right to counsel because he was represented by at least two attorneys at his original trial, and *330 there is no indication that he wanted an attorney at the contempt proceeding. This argument entirely overlooks clear precedent that:
[p]resuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.
Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962); and Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694, 724 (1966). There is nothing in this record to indicate that Hayes was offered the assistance of counsel. Nor is it obvious, as the State suggests, that he was aware of the need to request counsel. To the contrary, the fact that he had been represented by at least two public defenders previously might just as well indicate that he expected a lawyer to be there to defend him on the contempt charge. It is not his duty to make a specific request for counsel. Carnley, 369 U.S. at 513, 82 S.Ct. at 889, 8 L.Ed.2d at 76 (where counsel is constitutionally required, right to counsel does not depend on specific request).
There is little question that the absence of counsel prejudiced the defendant. Hayes could not adequately articulate his reasons for leaving court, and the judge did not ask for elaboration. A lawyer might well have raised the Daniels issue and questioned whether, in the absence of an explicit order, his conduct was even contemptuous as a matter of law. On remand, if the State persists in seeking imprisonment for this alleged contempt, it must furnish Hayes with a lawyer to fight the charge.
REVERSED.
DELL and GARRETT, JJ., concur.