625 So.2d 68 (1993)
A.C. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-696.
District Court of Appeal of Florida, First District.
September 22, 1993.
Nancy A. Daniels, Public Defender, and John R. Dixon, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
A.C. Clark appeals his convictions of possession of a firearm by a convicted felon and direct criminal contempt. We affirm in part and reverse in part.
Appellant contends that the trial judge erred by conducting simultaneous jury selection for appellant's case and two unrelated cases involving other defendants. The issues raised by appellant regarding this procedure have been previously rejected by this Court. Rock v. State, 622 So.2d 487 (Fla. 1st DCA 1993).
Appellant argues that the trial judge abused his discretion in permitting the prosecutor to exercise peremptory challenges to strike three black veniremen from the jury. The record, however, supports the trial judge's determination that the prosecutor *69 had valid, race-neutral reasons for exercising the peremptory challenges.
An officer testified at trial that he observed appellant place a pistol under the cushion of a chair and that he placed him under arrest. A defense witness testified that he saw a woman holding a gun; when the police approached, it appeared she placed something under the chair, but he did not see the object. As the prosecutor was calling a witness in rebuttal, appellant stood and stated: "Jurors, here is a statement from that lady. She testified she put that gun under there." After discussion with counsel, the trial judge gave the following curative instruction:
Members of the jury, before the recess the defendant stood up and waived a piece of paper and he made a statement to you about what someone else allegedly said. Insofar as you the jury are concerned there is no such statement because you will only consider the sworn testimony as it comes to you from the witness stand, and you will disregard anything that the defendant said or did during that incident.
Appellant now argues that this instruction was an improper comment on the credibility of the only defense witness. This argument is meritless. The trial judge did not instruct the jury that there was no evidence that the woman possessed the gun or that they should disregard the testimony of the defense witness. The trial judge merely informed the jurors that there was no evidence before them that the woman had made a sworn statement admitting that she was the one who possessed the gun on the day in question.
In response to the appellant's outburst, the trial judge found appellant to be in contempt of court. In doing so, the trial judge failed to comply with Florida Rule of Criminal Procedure 3.830. The trial judge failed to inquire as to whether appellant had any cause to show why he should not be adjudged guilty of contempt and failed to give appellant the opportunity to present excusing or mitigating circumstances. The judgment of guilt of contempt did not include a recital of the facts upon which the adjudication of guilt was based. The state concedes that reversal is necessary.
The conviction and sentence imposed for possession of a firearm by a convicted felon is AFFIRMED. The conviction of contempt of court is REVERSED without prejudice regarding the institution of proper contempt proceedings.
BOOTH, BARFIELD and ALLEN, JJ., concur.