636 So.2d 895 (1994)
Rodney COOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-47.
District Court of Appeal of Florida, Third District.
May 24, 1994.
Bennett H. Brummer, Public Defender, and Julie H. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
*896 PER CURIAM.
Rodney Cook appeals a final judgment of conviction and sentence for direct criminal contempt. Fla.R.Crim.P. 3.830. We reverse.
Cook was convicted of manslaughter. His sentencing hearing was delayed twice. During the third rescheduled sentencing hearing, the defense counsel noted that the defendant appeared upset and asked him what was troubling him. The following exchanges took place:

Defendant: I would like to know why I have not been sentenced yet. I was supposed to be sentenced last Thursday.

Court: September twenty-second.

Prosecutor: Thank you, Judge.

Court: For sentencing.

Defense Counsel: O.k.

Defendant: F____ck ...

Court: I order you to show cause why I should not hold you in direct contempt of court, Mr. Cook. Do you wish to show cause why I should not hold you in direct contempt of court? [Defendant stood mute] I find you in direct criminal contempt of the court. I sentence you to a hundred and eighty days in the Dade County jail. Now, get him out of here now. That sentence to run concurrent to whatever he ends up getting.
The court entered a written judgment of contempt stating as the only basis for the finding of contempt that when the court ordered Cook to show cause why he should not be held in contempt, he said nothing. When the main cause for manslaughter came on for sentencing, Cook apologized to the court, saying that at the time he uttered the profanity he was under some stress from losing his home in then-recent Hurricane Andrew. The court refused to vacate the contempt sentence, and Cook appeals.
According to the requirements of Florida Rule of Criminal Procedure 3.830, prior to the adjudication of guilt and imposition of sentence the defendant must be informed of the accusation against him and afforded the opportunity to show cause why he should not be adjudged guilty and sentenced therefor. See Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993); State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567, 573 (Fla. 5th DCA 1981). The written judgment of guilt of contempt must specifically include a recital of those facts on which the adjudication of guilt is based. E.g. Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992); Johnson v. State, 584 So.2d 95 (Fla. 1st DCA 1991). Here, the trial court's written order merely recited that Cook, when asked to show cause why he should not be held in contempt, stood mute. The order was insufficient on its face, as the trial court failed to record in writing clear and specific facts which formed the basis upon which it relied for the adjudication of contempt. Additionally, the trial court did not give Cook the opportunity to present evidence of excuse or mitigating circumstances before it imposed sentence, pursuant to Rule 3.830. Garlovsky, 393 So.2d at 573.
"Scrupulous compliance with rule 3.830 is required because its provisions constitute the essence of due process." Peters, 626 So.2d 1048. The purpose of these requirements is to assure the liberty interests of even the most refractory are protected. We suggest that trial judges keep a copy of The Florida Judges' Manual on the bench, and make reference to it where direct criminal contempts are involved. Florida Conference of Circuit Judges, 1 The Florida Judges' Manual, Judicial Administration, at 4.1 (2d ed. 1986).
Accordingly, we reverse the defendant's sentence as well as his conviction for direct criminal contempt and remand for further proceedings consistent with this opinion.