695 So.2d 873 (1997)
Richard MONTOYA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1138.
District Court of Appeal of Florida, Third District.
June 18, 1997.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Keith S. Kromash, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and SORONDO, JJ.
PER CURIAM.
Appellant appeals his conviction and sentence for direct criminal contempt of court. We reverse where the judgment *874 merely provides that appellant was held in contempt for "disrespecting the court" and does not contain a recital of those facts upon which the contempt is based pursuant to Rule 3.830, Fla. R.Crim. P.[1] A contempt judgment which does not contain a recital of those facts upon which it is based is invalid and requires reversal. See Morris v. State, 667 So.2d 982, 987 (Fla. 4th DCA), rev. dismissed, 673 So.2d 29 (Fla.1996); Cook v. State, 636 So.2d 895, 896 (Fla. 3d DCA 1994); Johnson v. State, 584 So.2d 95, 96 (Fla. 1st DCA 1991).
Accordingly, we remand for the trial court to enter its judgment pursuant to Rule 3.830. In light of this, we do not reach the merits of the contempt charge at this time.
Reversed and remanded with instructions.
NOTES
[1] Rule 3.830 provides that:

A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. (emphasis added).