698 So.2d 1350 (1997)
Doyle WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1547.
District Court of Appeal of Florida, First District.
September 16, 1997.
Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
During a case management conference concerning the defendant's felony case, the trial judge twice held the appellant in direct criminal contempt of court and sentenced him to consecutive sentences of five months and twenty-nine days' imprisonment for each *1351 conviction. The defendant appeals the contempt convictions, claiming that the trial court violated the procedural due process requirements of rule 3.830 of the Florida Rules of Criminal Procedure.
The defendant urges that the trial court failed to comply with Florida Rule of Criminal Procedure 3.830 in both of his contempt convictions. He assigns error to the fact that the trial court never formally noticed him with either charge; that it did not appoint legal counsel to represent him in defense of either charge; that the written judgment of contempt did not contain a recital of the facts on which the adjudications of guilt were based; and that the judge failed to offer him an opportunity to be heard as to why he should not be held in contempt as to the first charge.
The defendant was convicted of direct criminal contempt, which is distinguishable from indirect contempt. The rules for the two types of contempt provide differing procedural requirements. Florida Rule of Criminal Procedure 3.840 governs indirect contempt and affords several significant procedural safeguards, including the defendant's right to a hearing on the matter and to representation by counsel at such hearing. However, rule 3.830, which governs direct criminal contempt and applies to the defendant's case, provides that the trial court may punish direct contempt summarily. This rule requires that the written judgment contain a recital of the facts on which the adjudication of guilt is based and that the trial judge give the defendant the opportunity to present evidence of mitigating circumstances. The rule does not require that the defendant be appointed counsel to represent him in defense of direct contempt charges or that a formal hearing be held on the charge. Thus, no error occurred on these alleged grounds.
However, the trial court did not comply with the requirement that it include in its written judgment of contempt a recitation of the factual basis for the adjudication. The state cites Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), for its contention that the omission of a factual recitation in a written judgment of contempt is a mere technical error that does not warrant reversal. However, in the more recent case of Johnson v. State, 584 So.2d 95 (Fla. 1st DCA 1991), we held that a trial court's failure to recite in the judgment those facts on which an adjudication of contempt is based requires reversal. In Johnson, we acknowledged our holding in Saunders; nonetheless, we concluded in Johnson that our decision in Fisher v. State, 482 So.2d 587 (Fla. 1st DCA 1986), rendered Saunders "of dubious authority, or, at the very least, [limited] the application of Saunders to the specific facts in that case."
In Fisher, we specifically stated that the failure to recite those facts upon which the adjudication of guilt is based in the written judgment of contempt requires reversal. We stressed that this requirement of rule 3.830 assures compliance with the longstanding rule that the powers of contempt should be exercised with care and circumspection. See also Clark v. State, 625 So.2d 68 (Fla. 1st DCA 1993). The Third and Fourth Districts have also followed our decision in Johnson and issued consistent holdings. See Montoya v. State, 695 So.2d 873 (Fla. 3d DCA 1997); Cook v. State, 636 So.2d 895 (Fla. 3d DCA 1994); Schenck v. State, 645 So.2d 71 (Fla. 4th DCA 1994). Therefore, we hold the trial court's omission from its written order of the factual basis for its judgment in the instant case constitutes reversible error.
Finally, it appears from the record that, although the trial court explicitly offered the defendant the opportunity to show cause why he should not be held in contempt as to the second charge, it did not expressly do so as to the first charge. Therefore, reversal is also required due to this procedural deficiency under the rule. See Clark. On remand, the trial judge must conduct a new hearing on the first charge in accordance with the due process protections of rule 3.830, including allowing the defendant the opportunity to show cause why he should not be adjudged guilty of contempt. See, e.g., Kahn v. State, 447 So.2d 1048 (Fla. 4th DCA 1984); Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993). As to the second charge, the trial judge must, on remand, enter a proper written order that recites the *1352 facts on which the contempt conviction was based.
Reversed and remanded.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.