813 So.2d 236 (2002)
Alfredo GUARDADO and Mario Garcia, Appellants,
v.
Ruth E. GUARDADO, et al., Appellees.
Nos. 5D00-3474, 5D00-3475.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Mario A. Garcia of Mario A. Garcia, P.A., Orlando, for Appellants.
No Appearance for Appellees.
THOMPSON, C.J.
Alfredo Guardado and his attorney, Mario Garcia, appeal orders of direct contempt entered against them. We quash the orders without reaching the merits because the orders are deficient on their face.
The order against Guardado requires him to perform 80 hours of community service "for lying under oath." The order against the attorney requires payment of $200 to the clerk of the court for his "being argumentative and disrespectful during court proceedings." Because these orders provide for punishment rather than coerced compliance with a court order, we conclude that they are direct criminal contempt orders. See Carnival Corp. v. Beverly, 744 So.2d 489, 496 (Fla. 1st DCA 1999). Florida Rule of Criminal Procedure 3.830 governs proceedings in cases of direct criminal contempt. Durant v. *237 Boone, 509 So.2d 1275, 1276 (Fla. 1st DCA 1987). Scrupulous compliance with rule 3.830 is required. Carnival Corp., 744 So.2d at 497. Rule 3.830 requires entry of a signed, written order containing a recital of the facts upon which the adjudication of guilt is based. This requirement assures compliance with the longstanding rule that the powers of contempt should be exercised with care and circumspection. Williams v. State, 698 So.2d 1350, 1351 (Fla. 1st DCA 1997). In the instant case, we quash the orders of contempt because they do not set forth the facts upon which they are based. Compare Montoya v. State, 695 So.2d 873 (Fla. 3d DCA 1997).
ORDERS OF CONTEMPT QUASHED.
PETERSON and PLEUS, JJ., concur.