908 So.2d 1138 (2005)
James Russell WARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2803.
District Court of Appeal of Florida, Third District.
August 10, 2005.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michele Samaroo, Assistant Attorney General, for appellee.
Before LEVY, SHEPHERD and ROTHENBERG, JJ.
SHEPHERD, J.
James Russell Ward appeals the trial court's judgment and sentence finding him to be in direct criminal contempt. We reverse and remand.
Ward argues that the judgment does not comply with Florida Rule of Criminal Procedure 3.830. "A contempt judgment which does not contain a recital of those facts upon which it is based is invalid and requires reversal." Montoya v. State, 695 So.2d 873, 874 (Fla. 3d DCA 1997); see also Cook v. State, 636 So.2d 895, 896 (Fla. 3d DCA 1994). Here the judge simply states that Ward was held in contempt for "misbehavior." This is insufficient *1139 to meet the requirement of Rule 3.830.
Additionally, Ward contends that his six-month contempt sentence is illegal because it was entered consecutively to a sentence yet to be imposed. We agree. See Jarrett v. State, 665 So.2d 331, 333 (Fla. 5th DCA 1995)("it is error to direct that a sentence commence at the conclusion of a future sentence yet to be announced"); Percival v. State, 506 So.2d 66, 67 (Fla. 2d DCA 1987)(a sentence imposed may only be required to be served consecutively to an existing sentence). In this case, the trial court entered a sentence for contempt before sentencing Ward on the underlying substantive offenses.
For the foregoing reasons, we remand this matter to the trial court to enter an appropriate judgment pursuant to Rule 3.830 and to strike that portion of Ward's sentence that requires his contempt sentence be served consecutively to any future sentence. Marino v. State, 635 So.2d 1068 (Fla. 5th DCA 1994). In doing so, we express no opinion on the merits of this case.
Reversed and remanded.