PER CURIAM.
On September 13, 2006, Oliver Hill appeared before the trial judge for arraignment on a charge of felony driving with a suspended license. After one of the court deputies advised the judge that Hill appeared to be intoxicated, the judge commenced a criminal contempt proceeding. After hearing testimony from two court deputies and Hill himself, the judge found Hill guilty of direct criminal contempt.
The only order in the record is a standard “form” probation order which reflects the sentence imposed and that Hill is be *1000 ing adjudicated guilty of direct criminal contempt. Hill has appealed from the order, citing the trial court’s failure to comply with Florida Rule of Criminal Procedure 3.830’s requirement that a judgment of criminal contempt “shall include a recital of those facts on which the adjudication of guilt is based.” As the order clearly fails to contain the required factual recital, we are obliged to reverse the order appealed and to remand for the entry of an order that complies with rule 3.830. See, e.g., Ward v. State, 908 So.2d 1138 (Fla. 3d DCA 2005); McGlamory v. State, 723 So.2d 388 (Fla. 2d DCA 1999).

Reversed and Remanded.

POLEN, STEVENSON and TAYLOR, JJ., concur.