ROBERTS, J.
The appellant, J.H., seeks review of his conviction for direct criminal contempt. He argues that the trial court violated the procedural due process requirements of Florida Rule of Criminal Procedure 3.830. We agree and reverse.
During a hearing in the underlying dependency case, the appellant’s estranged wife asked the trial court for a no-contact order because she claimed the appellant was stalking her through a third party. Specifically, she alleged the appellant told the third party, via a text message sent that morning, that his estranged wife was at the courthouse.
The trial court asked the appellant if he sent the text message in question to which he replied “no.” Thereafter, the trial court sought to obtain the appellant’s cell phone to confirm whether he had been texting the third party. The appellant refused to relinquish his cell phone. The following colloquy took place:
COURT: You’d better give me the phone, Mr. [H]. You told me you didn’t tell her.
APPELLANT: It doesn’t matter.
COURT: Well it does matter. See, it’s called lying.
APPELLANT: Well apparently you don’t care about it because that’s all she’s done.
COURT: Okay, you’re in contempt of court, all right. You might as well have a seat, all right.
Okay, yep. Does he have anything he wishes to say before I pass sentence? All right, you’re going to do a month in jail. I need to have — let me do the order.
*427 Subsequently, the trial court entered an order finding the appellant in direct criminal contempt “based on his statements, demeanor, and behavior during [the] hearing, all of which was captured on the CourtSmart audio and video system.” The appellant argues that the trial court’s order violated the procedural requirements of Florida Rule of Criminal Procedure 3.830.
Rule 3.830 has been broken down into essentially six steps that the trial court must follow pursuant to an adjudication of contempt:
1. Direct criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.
2. The judgment of guilt shall include a recital of those facts upon which the adjudication of guilt is based.
3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor.
4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.
5. The judgment shall be signed by the judge and entered of record.
6. The sentence shall be pronounced in open court.
Fisher v. State, 482 So.2d 587, 588 (Fla. 1st DCA 1986). In the instant case, the trial court failed to follow steps two, three and four. Scrupulous compliance with the requirements of rule 3.830 is mandatory because its provisions constitute the essence of due process. See Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993); Searcy v. State, 971 So.2d 1008, 1014 (Fla. 3d DCA 2008). Failure to follow the procedural steps of rule 3.830 constitutes fundamental error that requires reversal of the contempt judgment. See Hutcheson v. State, 903 So.2d 1060, 1062 (Fla. 5th DCA 2005).
Rule 3.830 requires a signed written order containing a recital of the facts upon which the adjudication of contempt is based. See Guardado v. Guardado, 813 So.2d 236, 237 (Fla. 5th DCA 2002). A recital has been defined as a “retelling in detail; a narration.” See Johnson v. State, 584 So.2d 95, 96 (Fla. 1st DCA 1991) (reversing order of contempt that referenced numerous pages of trial transcript because it was not a “recital of the facts” as required by rule 3.830). In the instant case, the trial court’s order simply found the appellant in contempt “based on his statements, demeanor and behavior” and referenced the CourtSmart audio and video footage as evidence. On its face, this is an insufficient recital of facts to satisfy rule 3.830. See Cook v. State, 636 So.2d 895, 896 (Fla. 3d DCA 1994) (finding the trial court’s contempt order was insufficient on its face and a violation of rule 3.830 in that it only recited that the appellant, when asked to show cause why he should not be held in contempt, stood mute); Montoya v. State, 695 So.2d 873, 874 (Fla. 3d DCA 1997) (reversing a contempt judgment for “disrespecting the court” because it did not contain a recital of those facts upon which the contempt was based pursuant to rule 3.830).
A recital of facts was particularly important in the instant case as the reasoning behind the contempt charge was somewhat unclear. The appellant questioned whether it was because he failed to turn over his cell phone, to which the trial court responded that it was because the appellant continued to talk disrespectfully. Later, the trial court stated the contempt *428 charge was a result of the appellant’s attitude, not because he lied. But right afterward, when addressing whether the appellant’s sentence should be suspended, the trial court stated, “What are the circumstances as to why I should suspend it? He’s lied to me, okay.” In context, these statements obscure the actual reason behind the contempt charge. Failure to recite in the judgment the facts upon which an adjudication of contempt is based requires reversal. See Fisher, 482 So.2d at 588.
The trial court also failed to give the appellant notice of the contempt charge or an opportunity to explain his behavior before sentencing. See O’Neal v. State, 501 So.2d 98, 100 (Fla. 1st DCA 1987) (finding the trial court’s brief offer to allow the defendant a chance to explain his profanity occurred after the court had communicated to the defendant that the sentence for contempt was a foregone conclusion); Peters, 626 So.2d at 1050 (reversing contempt judgment on the grounds that the trial court failed to provide the appellant with prior notice of the charge of contempt and also failed to give him an opportunity to explain before imposing sentence). The trial court’s conclusory proclamation of contempt failed to give the appellant notice of the contempt charge and essentially adjudicated him guilty at the outset. Furthermore, there is no indication any time elapsed between the trial court asking the appellant if he had anything he wished to say and passing sentence, which suggests the appellant was not given an opportunity to explain himself. See O’Neal, 501 So.2d at 100. Additionally, the appellant was not given an opportunity to present evidence of excusing or mitigating circumstances. Id.
Accordingly, the appellant’s judgment of contempt is REVERSED and REMANDED for proceedings consistent with this opinion.
CLARK, J., and BROWNING, JR., EDWIN B., Senior Judge, concur.