ON MOTION FOR REHEARING, CLARIFICATION, REQUEST FOR WRITTEN OPINION, AND CERTIFICATION OF CONFLICT
PER CURIAM.
We deny Appellant’s motion for rehearing, but grant his motion for a written opinion and substitute this opinion in place of our previously issued per curiam affir-mance.
Appellant was found guilty of direct criminal contempt and sentenced to 30 days in jail for arriving drunk to jury duty and disrupting the process of jury selection. He raises three issues in this direct appeal. We affirm two of the issues without further comment, and affirm the remaining issue for the reasons that follow.
Appellant argues that the trial court erred by not appointing him counsel or giving him an opportunity to seek counsel for the contempt proceeding. We affirm on the authority of Williams v. State, 698 So.2d 1350 (Fla. 1st DCA 1997), and Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), in which this court held that a defendant does not have a right to counsel under the Sixth Amendment or the Florida Rules of Criminal Procedure when charged with direct criminal contempt. Accord Searcy v. State, 971 So.2d 1008, 1014 (Fla. 3d DCA 2008); Forbes v. State, 933 So.2d 706, 711 (Fla. 4th DCA 2006); see also In re Oliver, 333 U.S. 257, 274-75, 68 S.Ct. 499, 92 L.Ed. 682 (1948) (explaining that the right to counsel and other due process requirements are not implicated in contempt cases involving “charges of misconduct, in open court, in the presence of the judge, which disturbs the court’s business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court’s authority before the public”) (internal quotations and ellipses omitted); In re Terry, 128 U.S. 289, 313, 9 S.Ct. 77, 32 L.Ed. 405 (1888) (explaining that a court’s jurisdiction to punish direct contempt vests upon commission of the contemptuous act and that it is within the court’s discretion to punish the offense immediately or to postpone action until the defendant is afforded an opportunity to present a defense).
We recognize that the Second District held in Woods v. State, 987 So.2d 669 (Fla. 2d DCA 2007), and Al-Halkim v. State, 53 So.3d 1171 (Fla. 2d DCA 2011), that a defendant has a right to counsel under the Florida Rules of Criminal Procedure in direct criminal contempt proceedings. The Fourth District reached a similar conclusion in Hayes v. State, 592 So.2d 327 (Fla. 4th DCA 1992). But see Forbes, supra. Accordingly, we certify conflict with these cases.
AFFIRMED; CONFLICT CERTIFIED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.