DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.D.M.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2022

[October 21, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Curtis L. Disque, Judge; L.T. Case No. 43-2014-CJ-000049A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We reverse a juvenile's conviction of direct criminal contempt for failure of the trial judge to make the necessary inquiries regarding representation of counsel in the contempt proceeding.

Appellant entered a plea of not guilty to two charges at his arraignment in a juvenile delinquency proceeding. He then got in a verbal altercation with a bailiff who took issue with his attitude. The court recessed. When court reconvened, the judge asked appellant if there was any reason why he should not be held in direct criminal contempt. Appellant did not respond. Then, another verbal confrontation with the bailiff occurred. After a second recess, the judge found appellant guilty of direct criminal contempt and sentenced him to five days in the Department of Juvenile Justice. The judge specified what appellant had done to merit the conviction and sentence.[1]

_____

[1]In finding appellant guilty of direct criminal contempt, the judge described appellant's conduct:

After the judge read the contempt order, an assistant public defender present in the courtroom expressed concern that appellant did not understand the nature of the proceedings and was not given the opportunity to have an attorney present at the contempt proceeding.

We reverse the contempt conviction because appellant was not represented by an attorney at his direct criminal contempt hearing, nor was he advised of his right to counsel.

Section 985.033(1), Florida Statutes (2014), provides that a "child is entitled to representation by legal counsel at all stages of any delinquency court proceedings." The statute, in no uncertain terms, goes on to state:

> A child *shall* be represented by legal counsel at all stages of *all court proceedings* unless the right to counsel is freely, knowingly, and intelligently waived by the child. If the child appears without counsel, the court *shall* advise the child of his or her rights with respect to representation of court-appointed counsel.

*Id.* (Emphasis added); *see also* Fla. R. Juv. P. 8.165(a) (stating that the "court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding"). The phrase "all court proceedings" is broad, and necessarily includes contempt proceedings initiated pursuant to Florida Rule of Juvenile Procedure 8.150.

The state points to case law finding no error in the failure to provide counsel at adult contempt hearings. Whether the Sixth Amendment right to counsel applies at an adult's direct criminal contempt hearing is a contested issue currently pending before the Florida Supreme Court. *See Plank v. State,* 130 So. 3d 289 (Fla. 1st DCA 2014), *rev. granted,* 145 So.

---

The defendant continuously rolled his eyes at the Court on record during the Court's colloquy of the defendant, during this same time the defendant was argumentative with his mother, the Court then took a brief recess, before this Court could leave the courtroom the defendant was ordered to rise, he wilfully refused to do so, he then ordered the bailiff to perform certain actions, specifically to get your fucking finger out of my face, he then made aggressive movements towards another bailiff. This Court finds that the conduct occurred in the presence of the Court and was calculated to embarrass, hinder, and obstruct the administration of justice.

3d 827 (Fla. 2014).[2]   These adult cases are not subject to the broad mandate of section 985.033(1) for juvenile cases.

We also note that the contempt proceeding itself was deficient for failure to comply with Rule 8.150(a).  The rule states that prior to any adjudication of guilt for direct contempt, "the court shall inform the person accused of the accusation and inquire as to whether there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor."  When he asked appellant why he should not be held in contempt, the judge did not specify the conduct that subjected appellant to the charge.  *See Bonet v. State*, 937 So. 2d 209 (Fla. 3d DCA 2006); *O'Neal v. State*, 501 So. 2d 98 (Fla. 1st DCA 1987).[3]  Before a party is adjudged in direct criminal contempt of court, "he must be put on notice of what the consequences of his words or actions are about to entail so that he may avert those consequences by explaining his conduct."  *O'Neal*, 501 So. 2d at 100.  Here, the judge's specific contempt finding did not cure the initial failure to inform appellant of the nature of the charges.

We reverse the order finding appellant in contempt and remand to the circuit court for further proceedings, if any, pursuant to Rule 8.150.

STEVENSON and TAYLOR, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

---

[2]Florida courts are split on whether there is a right to counsel during direct criminal contempt proceedings involving adults.  *Compare Woods v. State*, 987 So. 2d 669 (Fla. 2d DCA 2007), and *Al-Hakim v. State*, 53 So. 3d 1171 (Fla. 2d DCA 2011), with *Forbes v. State*, 933 So. 2d 706 (Fla. 4th DCA 2006), and *Saunders v. State*, 319 So. 2d 118 (Fla. 3d DCA 1975).

[3]Although these cases are not juvenile cases, the operative language of Florida Rule of Criminal Procedure 3.830 is almost identical to that of Florida Rule of Juvenile Procedure 8.150(a).