# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-952
Lower Tribunal No. 05-25794
_____

**Michel Escoto,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami Dade County, Marisa Tinkler-Mendez, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and ROTHENBERG and SALTER, JJ.

PER CURIAM.

Michel Escoto appeals a judgment and sentence of direct criminal contempt of court. The conduct upon which the adjudication was based occurred in the courtroom during Escoto's trial on a charge of first-degree murder for the death of his wife. We reverse and remand the order for the entry of specific findings describing the comments and conduct which precipitated the judgment of contempt.

After a witness for the State testified regarding a one million dollar life insurance policy on the life of his deceased wife and evidence that the couple was about to be evicted from their apartment around the time of her death, Escoto asked the court to "give [him] a second" because he was going to say something he "shouldn't." Escoto began to tell the witness, "If you say that again," and after an objection by the State he suggested that it would take all of "those guys wearing white" and more to control him.

The court stopped the proceedings and had the jury removed. The court found that Escoto had "crossed the line," allowed him to address the court in mitigation, and then ruled, "I am going to find you in direct criminal contempt because your comment was contentious and violative of the Court order in the Court's presence as well as disruptive of the proceedings." The court sentenced Escoto to 30 days in the county jail for contempt. The written order specified that Escoto was guilty of direct criminal contempt "due to inappropriate courtroom

conduct and inappropriate comments to a witness, despite repeated admonishments by the Court, thereby violating the Court's previous orders." This appeal followed.

Analysis

Florida Rule of Criminal Procedure 3.830, "Direct Criminal Contempt," specifies that a "judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based." "Scrupulous compliance with rule 3.830 is required . . . ." Cook v. State, 636 So. 2d 895, 896 (Fla. 3d DCA 1994) (quoting Peters v. State, 626 So. 2d 1048, 1048 (Fla. 4th DCA 1993)). "Purely conclusory statements will not meet the requirement of a recitation of facts. For example, citing the contemnor's 'unjudicious, unethical and intemperate conduct before the court' is insufficient." McRoy v. State, 31 So. 3d 273, 274 (Fla. 5th DCA 2010) (quoting Ray v. State, 352 So. 2d 110, 111-12 (Fla. 1st DCA 1977)).

While the transcript in this case demonstrates some of the behavior for which the defendant was held in contempt, the written judgment of criminal contempt must include specific facts. See Johnson v. State, 584 So. 2d 95, 96-97 (Fla. 1st DCA 1991); see also Montoya v. State, 695 So. 2d 873 (Fla. 3d DCA 1997). We reverse and remand for the trial court to enter a judgment including a recitation of the specific facts upon which the adjudication of contempt was based. See, e.g., McGlamory v. State, 723 So. 2d 388 (Fla. 2d DCA 1999); Montoya, 695 So. 2d 873.