# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2220
Lower Tribunal No. 15-15674
_____

**Y.C., the Mother,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and SALTER and LOGUE, JJ.

SALTER, J.

Y.C., the mother of a child in proceedings for permanent custody (brought by the father) and termination of guardianship (with Y.C.'s mother, the child's grandmother, as the permanent guardian), appeals a final judgment of conviction and sentence for criminal contempt. Y.C. disrupted the hearing before the trial court, was directed to leave the courtroom, and did not do so when directed.

At the contempt hearing which followed, the trial court described a series of behaviors that were the basis for the contempt hearing. When directed to show cause why she should not be held in contempt, Y.C. did not do so. The court then entered the order under review finding Y.C. guilty of direct criminal contempt based on "the Court's own observation of the Mother's conduct in the presence of the Court." The trial court sentenced Y.C. to serve three days in a Miami-Dade County jail, which she completed. This appeal from the adjudication of contempt followed.

Y.C. raises three points on appeal. First, she argues that the trial court did not apply the correct standard in evaluating whether her behavior was an intentional violation of a lawful court order which hindered the administration of justice beyond a reasonable doubt. Smith v. State, 954 So. 2d 1191 (Fla. 3d DCA 2007). Second, she asserts that she was not given a meaningful opportunity to show cause that her behavior was not contemptuous, or to present mitigating evidence, in violation of Y.C.'s due process. Searcy v. State, 971 So. 2d 1008,

1014 (Fla. 3d DCA 2008). Third, Y.C. argues that her conviction must be set aside because the order fails to recite specific facts upon which the conviction was based, relying upon Florida Rule of Criminal Procedure 3.830.

In response, the state argues, and we agree, that orders of direct contempt are reviewed for an abuse of discretion. Michaels v. Loftus, 139 So. 3d 324, 327 (Fla. 3d DCA 2014). Under Rule 3.830, and following our review of the record, we find no merit in Y.C.'s first two points on appeal.

Regarding Y.C.'s third point, however, that the order under review lacks the required recital of those facts upon which it is based, the state commendably concedes that a reversal and remand is required. Escoto v. State, 178 So. 3d 945, 946 (Fla. 3d DCA 2015). We agree.

Reversed and remanded solely for the trial court to enter an amended judgment setting forth the specific facts upon which the adjudication of contempt was based.